MATTHEW CLUNE, Respondent, v. PATRICK FORD and PATRICK EGAN, Appellants.

*Guaranty — what consideration will support an agreement to pay a debt already in great part incurred.*

A guaranty was given to the proprietor of a hotel, in New York city, in the following words:

"We hereby agree to guaranty the expenses of the members of the Gaelic Athletic Association to the sum of $650, or the amount due under that figure.

"PATRICK EGAN.
"PATRICK FORD."

The association was in arrears for board, at the time that the instrument was executed, in the sum of about four hundred and seventy-five dollars, and they lived at the hotel and incurred expenses thereafter to the amount of.$175.

*Held*, that the fact that the proprietor of the hotel, upon the faith of the instrument of guaranty, furnished board to the extent of $175, afforded a sufficient consideration to sustain the guaranty to the extent of the whole amount named in the instrument.

Where the collateral undertaking of guaranty is subsequent to the creation of the debt, and was not the inducement leading to its creation, although the consideration need not be expressed in the writing, yet there must be some consideration shown having an immediate respect to such liability.

Appeal by the plaintiff from a judgment, entered, after a direction of a verdict in favor of the defendants at the Westchester County Circuit, in the office of the clerk of the county of Westchester on the 6th day of June, 1889 ; and also from an order, entered in said office on the 14th day of June, 1889, denying the defendants' motion for a new trial entered upon the minutes of the court.

*W. Lane O'Neil,* for the appellants.

*Arthur J. Burns,* for the respondent.

DYKMAN, J.:

This is an action upon a written guaranty in these words:

"NEW YORK, *October* 27, 1888.

"Mr. MATTHEW CLUNE, *Proprietor Vanderbilt Hotel:*

"DEAR SIR. — We hereby agree to guaranty the expenses of the members of the Gaelic Athletic Association to the sum of $650 (six hundred and fifty dollars), or the amount due under that figure.

"PATRICK EGAN, *Lincoln, Neb.*
"PATRICK FORD."

At the time of the execution of this instrument Clune was the proprietor of a hotel in New York city at which the members of the Gaelic Athletic Association were boarding, and were in arrears for such board in the sum of about $475; and they lived at the hotel and incurred expenses there, after the delivery of the guaranty, to the amount of $175. There being no disputed facts at the trial, a verdict was directed by the judge for the plaintiff for the full amount of the guaranty, and the defendant has appealed.

If the language employed can be allowed the full force of its unequivocal meaning and signification, there will be no difficulty in the disposition of the appeal, for the defendant plainly expressed their intention to guaranty to the plaintiff the payment to him of the expenses of the association at his hotel to the amount of $650, or the amount due under that sum. We must see, however, whether such intention so expressed can be carried into execution or whether it will be defeated by any technical rule of law.

In its commercial sense a guaranty is an undertaking by one person to be answerable for the debt or obligation of another, and it is essential to its validity that it shall be based upon a sufficient consideration. In cases like the present, where the collateral undertaking is subsequent to the creation of the debt, and was not the inducement to it originally, there must be some further consideration shown having an immediate respect to such liability.

It is now no longer necessary in this State to express a consid-

eration in a writing containing a promise to answer for the liability of another (Laws of 1863, chap. 464), yet it is indispensable that a consideration shall exist to effectuate the promise. (*Evansville Nat. Bank* v. *Kaufman*, 93 N. Y., 279.) We think there was proof here of a sufficient consideration to uphold the guaranty in question. The terms of the instrument are unrestricted and the agreement is to guaranty the expenses of members of the association. The language applies equally to future and to past expenses; and $175 of expenses were incurred after the delivery of the promise; and in the case of a special guaranty like this, the consideration necessary for its support may be furnished by the promise to the principal or to some third party according to the terms of the guaranty. (93 N. Y., 279, *supra.*)

In this case, according to the very terms of the writing and the legitimate inference from, and the circumstances which cluster around, the transaction, the consideration for the support of the promise was to be furnished by the plaintiff to the members of the Athletic Association. Considerations at the common law are of two kinds, one where benefit accrues to him who makes the promise and the other where loss or disadvantage accrues to him to whom it is made, at the instance of the promisor, although without benefit to the latter, and either one is sufficient to sustain a promise. (1 Pars. on Cont., 431.)

In this case loss came to the plaintiff from the guaranty, because upon that instrument he furnished $175 of the amount now claimed. We think such consideration imparts validity to the guaranty to the whole amount named in that instrument. The contract was entire and guaranteed the payment of all the expenses of the association, and only required the element of consideration to make it binding and effectual, and when that was furnished it imparted life and vitality to the whole instrument, and made it a living, legitimate obligation in the hands of the plaintiff to the extent of $650 — the limitation stipulated in the paper.

The judgment should be affirmed, with costs.

Pratt, J., concurred; Barnard, P. J., not sitting.

Judgment and order denying new trial affirmed, with costs.